**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 10-4499**

─────────────

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

    v.

JOHNNIE BUTLER,

              Defendant – Appellant.

─────────────

**No. 10-4566**

─────────────

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

    v.

CALVIN WRIGHT, a/k/a Turkey,

              Defendant – Appellant.

─────────────

Appeals from the United States District Court for the District of Maryland, at Baltimore. Benson Everett Legg, District Judge. (1:08-cr-00381-BEL-1; 1:08-cr-00381-BEL-2)

─────────────

Submitted:  May 2, 2011            Decided:  May 18, 2011

─────────────

Before MOTZ, SHEDD, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

———————————————

Thomas J. Saunders, Baltimore, Maryland; James Wyda, Federal Defender, Meghan S. Skelton, Staff Attorney, Greenbelt, Maryland, for Appellants. Rod J. Rosenstein, United States Attorney, Christine Celeste, Special Assistant United States Attorney, Baltimore, Maryland, for Appellee.

———————————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Johnnie Butler and Calvin Wright appeal their convictions following a jury trial. Both men were convicted of conspiracy to distribute and possess with intent to distribute controlled substances, in violation of 21 U.S.C. § 846 (2006) (Count One); possession of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (2006) (Count Three); and possession of a firearm after a felony conviction, in violation of 18 U.S.C. § 922(g) (2006) (Count Four). Additionally, Wright was convicted of possession of heroin, with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2006) (Count Five). The court sentenced Butler to life imprisonment and Wright to 420 months' imprisonment. We affirm.

Wright argues that the evidence was not sufficient to support the jury's finding that he possessed the heroin found in his apartment. This court reviews a sufficiency-of-the-evidence challenge by determining whether, viewing the evidence in the light most favorable to the Government, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. United States v. Collins, 412 F.3d 515, 519 (4th Cir. 2005). Our review of the evidence convinces us that the evidence adduced at trial was sufficient to establish that Wright possessed the heroin and intended to distribute it.

3

Wright and Butler argue that the district court erred in denying their motion for a mistrial after a court security officer made comments to the jury regarding the origin of a firearm. "[D]enial of a defendant's motion for a mistrial is within the sound discretion of the district court and will be disturbed only under the most extraordinary of circumstances." United States v. Dorlouis, 107 F.3d 248, 257 (4th Cir. 1997). Given the brief nature of the comments at issue here and the curative instruction given by the court, we find that the district court did not abuse its discretion in denying Appellants' motion for a mistrial.

Butler argues that because the jury acquitted him of possession and discharge of a firearm, causing the death of Fernando Rodriguez, in furtherance of a drug-trafficking crime, the court erred by taking that conduct into account during Butler's sentencing. However, conduct for which a defendant has been acquitted may nonetheless be considered by the district court in determining a sentence, so long as the conduct is established by a preponderance of the evidence. United States v. Young, 609 F.3d 348, 357 (4th Cir. 2010). Here, the Government provided sufficient evidence upon which the district court could base its finding that Butler had caused Rodriguez's death by a preponderance of the evidence, even if such evidence was not sufficient to establish the offense charged beyond a

4

reasonable doubt.  Accordingly, the court did not err in taking such conduct into account during sentencing.

Finally, Butler argues that the district court erred in finding that Butler was an organizer or leader of the criminal activity, pursuant to U.S. Sentencing Guidelines Manual § 3B1.1, and accordingly applying a sentencing enhancement.  We review this determination for clear error.  See United States v. Slade, 631 F.3d 185, 188 (4th Cir. 2011); United States v. Kellam, 568 F.3d 125, 147-48 (4th Cir. 2009).  We find that the district court did not clearly err because the enhancement is supported by evidence in the record.

We therefore affirm the convictions and sentences of Butler and Wright.  We deny Wright's motion to file a pro se supplemental brief and deny Butler's motion for summary reversal.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED